H. Thomas Hunt
Pa. Attorney ID No. 34558
Anthony L. Marchetti
Pa. Attorney ID No. 72981
CURETON CAPLAN, P.C.
950B Chester Ave.
Delran, New Jersey 08075
(856) 824-1001
Attorneys for Polyrock, LLC

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNYLSAVNIA

| | |
|---|---|
| **THE BARNEY ROTH CO., INC. and SHARON MCGUIGAN, INC.**<br><br>Plaintiffs,<br><br>v.<br><br>**POLYROCK, LLC**<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO.** |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, on this date, Defendant, Polyrock, LLC., by its undersigned counsel, has filed this Notice of Removal pursuant to 28 U.S.C. § 1446(a), in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania.

Defendant alleges as follows:

1.      Plaintiffs, The Barney Roth Co., Inc. and Sharon McGuigan, Inc., brought an action against Defendant in the Court of Common Pleas of Philadelphia County, by filing a Complaint on July 29, 2005 ("State Action").  The matter is docketed at July Term, 2005 No. 3396.  A true copy of the Complaint is annexed hereto.

2.      The Complaint was served upon Polyrock, LLC by certified mail, return receipt requested, on or about August 11, 2005.

3.      There have been no other proceedings in this action.

4.      The Complaint alleges that the cause of action arises under the Telephone Consumer Protection Act of 1991, as amended, 47 U.S.C. § 227.  Hence, jurisdiction over the subject matter of this action is conferred on this Court by 28 U.S.C. § 1331.

5.      Plaintiffs submits this Notice of Removal without waiving any defenses to Plaintiff's claims or conceding that Plaintiff has pled any claims upon which relief may be granted.  Further, by filing this Notice of Removal, Defendant does not waive any defenses with respect to the adequacy or effectiveness of service of process.

6.      No proceedings have occurred in the State Action.  Plaintiffs has not served any Notice of Appearance or made any appearance whatsoever before the court in the State Action.

7.      This Notice is filed with the Court on the first open court date within thirty (30) days of receipt by Defendant through service or otherwise, of a copy of the summons and Complaint, as provided by 28 U.S.C. § 1446(b).

PLEASE TAKE FURTHER NOTICE that Defendant, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, has also filed copies of this Notice with the Clerk of the  Court of Common Pleas Philadelphia County, at July Term, 2005 No. 3396, to effect removal of this action pursuant to 28 U.S.C. § 1446(d).

Dated:  September 12, 2005

_/s/ H. Thomas Hunt, III_  ( HTH3485)
H. THOMAS HUNT
CURETON CAPLAN, P.C.
950B Chester Ave.
Delran, New Jersey 08075
(856) 824-1001

Q:\HTH\POLYR-BARN\Pleadings\Notice of Removal.doc

Cohen, Placitella & Roth, P.C.
By: STEWART L. COHEN, ESQUIRE
Identification Nos. 25448
scohen@cprlaw.com
Two Penn Center, Suite 1705
Philadelphia, PA  19102
(215) 567-3500
(additional counsel and full
caption on following page)

**ATTEST**

JUL 2 9 2005

**LAURA PAONE**

JURY TRIAL DEMANDED

CLASS ACTION

ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

ATTORNEYS FOR PLAINTIFFS

THE BARNEY ROTH CO., INC. (d/b/a "PHILADELPHIA LIGHTING
MAINTENANCE CO.")
4150 Kensington Ave.
Philadelphia, PA  19124

**JULY 2005**

v.

POLYROCK, L. L. C.
19 Wakefield Drive
Medford, NJ  08055

JURY FEE PAID

COMPLAINT – CIVIL ACTION

TORT – Other: Invasion of Privacy - 2E

| NOTICE | AVISO |
|---|---|
| **NOTICE** | **AVISO** |
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | La han demandado a usted en la corte. Si usted quiere defensersa de estas demandes expuentas en la paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abodago y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defienda, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede poder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABODAGO INMEDIATAMENTE. SI NO TIENE ABODAGO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | |
| **Philadelphia Bar Association Lawyer Referral & Information Service One Reading Center Philadelphia, Pennsylvania 19107 Telephone: (215) 238-6333** | **Associacion DeLicenciados De Filadelfia Servicio DeReferencia E Información Legal One Reading Center Filadelfia, Pennsylvania 19107 Telefono: (215) 238-1701** |

**Cohen, Placitella & Roth**                      JURY TRIAL DEMANDED
A Professional Corporation
By: STEWART L. COHEN, ESQUIRE              CLASS ACTION
WILLIAM D. MARVIN, ESQUIRE
ID Nos. 25448/34265                     ASSESSMENT OF DAMAGES
scohen@cprlaw.com                         HEARING IS REQUIRED
wmarvin@cprlaw.com
Two Penn Center, Suite 1705
Philadelphia, PA  19102
(215) 567-3500                           ATTORNEYS FOR PLAINTIFFS

**Siegel, Brill, Greupner, Duffy**      COURT OF COMMON PLEAS OF
**& Foster, P.A.**                       PHILADELPHIA COUNTY
BY: JORDAN LEWIS, ESQUIRE
ID No. 94401                            JULY TERM 2005
jordanlewis@sbgdf.com                   No.
1845 Walnut St., 24th Floor
Philadelphia, PA  19103
(215) 814-9322

THE BARNEY ROTH CO., INC. (d/b/a "PHILADELPHIA LIGHTING
MAINTENANCE CO.")
4150 Kensington Ave.
Philadelphia, PA  19124


          and


SHARON MCGUIGAN, INC. (d/b/a "WELLINGTON'S BEST FOODS")
35 Mt. Pleasant Drive
Aston, PA  19014


          v.


POLYROCK, L. L. C.
19 Wakefield Drive
Medford, NJ  08055

## COMPLAINT – CIVIL ACTION
### Jury Trial Demanded

### IDENTIFICATION OF PARTIES

1.   This class action is brought to recover damages arising from the defendant's practice of sending unsolicited facsimile advertisements, in violation of the Telephone Consumer Protection Act.

2.   Plaintiff The Barney Roth Co., Inc., (hereinafter: "Philadelphia Lighting Maintenance Co.") is a corporation with offices at 4150 Kensington Avenue, Philadelphia, PA 19124.

3.   Plaintiff Sharon McGuigan, Inc., (hereinafter: "Wellington's Best Foods") is a corporation with offices at 35 Mt. Pleasant Drive, Aston, PA 19014.  Plaintiff is engaged in business under the name of "Wellington's Best Foods".

4.   Defendant PolyRock, L. L. C., is a business corporation, with offices at 19 Wakefield Drive, Medford, NJ 08055.

5.   Defendant regularly conducts business in Philadelphia County and the Commonwealth of Pennsylvania.

6.   The claims in this matter arise from defendant's business activities, purposefully directed towards each plaintiff and similarly situated users of facsimile machines, within the Commonwealth of Pennsylvania and Philadelphia County.

7.   At all relevant times, in the matters described herein, defendant acted through its officers, agents and employees, engaged in its business and acting within the scope of their office, agency or employment.

## COUNT I
## INDIVIDUAL CAUSE OF ACTION

8.   For several years, each plaintiff has owned, possessed, and maintained a telephone facsimile machine connected to a telephone line, for the purpose of transmitting and receiving important and urgent communications related to each plaintiff's business and/or personal affairs.

9.   During the 1980s, as facsimile machines came into common usage and gained the technical capability to broadcast facsimiles to large numbers of recipients, some businesses engaged in an abusive practice of sending mass facsimile advertisements without consent of the recipients, causing large-scale invasions of privacy, waste, expense, and burden on commerce.

10.   In response to this and other abusive sales practices, the Congress of the United States enacted the Telephone Consumer Protection Act of 1991 ["TCPA"], Pub.L. 102-243, § 3(a), which added Section 227 to Title 47 of the United States Code.   47 U.S.C. § 227 was last amended in 1994.

11.  The TCPA provides, in pertinent part, that "It shall be unlawful for any person within the United States . . . to send an unsolicited advertisement to a telephone facsimile machine."  47 USC § 227(b)(1)(C).

12.  The TCPA authorized the Federal Communications Commission to issue regulations to interpret and implement the Act.  Among these regulations, 47 CFR § 64.1200(a), effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

13.  As used in both 47 USC § 227 and 47 CFR 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 USC § 227(a)(4); 47 CFR § 64.1200(f)(5).

14.  The TCPA provides a private cause of action for any person who receives an unsolicited advertisement to a facsimile machine, as follows:

> PRIVATE RIGHT OF ACTION.-A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in

damages for each such violation, whichever is
greater, or
    (C) both such actions.
    If the court finds that the defendant willfully
or knowingly violated this subsection or the
regulations prescribed under this subsection, the
court may, in its discretion, increase the amount of
the award to an amount equal to not more than 3 times
the amount available under subparagraph (B) of this
paragraph.

47 USC § 227(b)(3).

15.   The plaintiffs have never given permission or
invitation to defendant, for the transmission of any
advertisement to plaintiff's facsimile machine.

16.   The plaintiffs did not have an established business
relationship with the defendant.

17.   The defendant caused one or more advertisements to be
transmitted to the telephone facsimile machine of plaintiff
Philadelphia Lighting Maintenance Co., on or about the following
date:  3/18/05.  [A true and correct copy of a representative
advertisement is attached hereto as Exhibit A].  Defendant may
have sent additional advertisements to plaintiff on other dates,
and plaintiff reserves the right to claim damages for all such
transmissions.

18.   The defendant caused one or more advertisements to be
transmitted to the telephone facsimile machine of plaintiff
Wellington's Best Foods on or about the following date:
3/10/05.  [A true and correct copy of a representative

advertisement is attached hereto as Exhibit B]. Defendant may have sent additional advertisements to plaintiff on other dates, and plaintiff reserves the right to claim damages for all such transmissions.

19. Each advertisement sent by defendant promoted industrial flooring product sales, and constituted an "unsolicited advertisement" as defined in the TCPA, 47 USC Section 227 (a) (4).

20. The TCPA further requires that all facsimile transmissions contain an identification line, known as a "telltale," on the top or bottom of the page. 47 USC § 227(d)(2). The regulation issued pursuant to the TCPA, 47 CFR § 68.318(d), states:

> (d) **Telephone facsimile machines; Identification of the sender of the message.** It shall be unlawful for any person within the United States to use a computer or other electronic device to send any message via a telephone facsimile machine unless such person clearly marks, in a margin at the top or bottom of each transmitted page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business, other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual. If a facsimile broadcaster demonstrates a high degree of involvement in the sender's facsimile messages, such as supplying the numbers to which a message is sent, that broadcaster's name, under which it is registered to conduct business with the State Corporation Commission (or comparable regulatory authority), must be identified on the facsimile, along with the sender's name. Telephone facsimile machines manufactured on and

after December 20, 1992, must clearly mark such
identifying information on each transmitted page.

21. The advertisements sent by defendant did not have a
"telltale" line that identified the sender and the sender's
telephone number.  As such, the defendant's advertisements
violated the TCPA's requirement for meaningful identification of
the sender.

22. The defendant's illegal, unsolicited facsimile
advertisements invaded the privacy of each plaintiff, and caused
plaintiffs to sustain actual damages in the form of the waste of
paper, supplies, use of the telephone line, and time spent
removing the paper from the facsimile machine, reviewing it, and
filing or disposing of it.

23. Plaintiffs are entitled to statutory damages from
defendant in the minimum amount of $500, or actual damages,
whichever is greater, for each separate violation of the TCPA,
including multiple violations arising from a single
transmission.

24. Defendant knew or should have known that its practice
of sending unsolicited facsimile advertisements violated the
TCPA.

25. If defendant acted in willful or knowing violation of
the TCPA, then the Court may award treble damages as provided in
47 USC § 227(b)(3).

WHEREFORE, plaintiffs demand judgment against defendant for all damages provided under the law, together with interest, attorney fees, and costs, and bring this action to recover same.

## COUNT II
## CLASS ACTION CLAIMS

26.   The allegations of the previous paragraphs are incorporated herein by reference.

27.   The named plaintiffs also bring this action on behalf of a class which consists of all similarly situated entities, as follows:

a. any persons, including natural persons, corporations, associations, and partnerships, who owned, possessed, or used telephone facsimile machines (including computers equipped to receive facsimiles), who

b. have received unsolicited advertisements by facsimile transmission by or on behalf of the defendant, at any time through the date of trial in this matter, and

c. have not given the defendant permission or invitation for the transmission of any advertisement to their facsimile machine, and

d. did not have an established business relationship with the defendant.

28.   Defendant has transmitted numerous unsolicited facsimile advertisements to the class members, including advertisements similar or identical to those transmitted to each plaintiff, in violation of the TCPA's prohibition on such advertisements and other provisions of the TCPA, including the sender identification requirements.

29.   The defendant's illegal, unsolicited facsimile advertisements invaded the privacy of the members of plaintiffs' class, and caused them to sustain actual damages in the form of the waste of paper, supplies, use of their telephone lines, and time spent removing the paper from the facsimile machine, reviewing them, and filing or disposing of them.

30.   Defendant is liable to the class members for statutory damages in the amount of $500, or actual damages, whichever is greater, for each violation of the TCPA.

31.   The claims of the named plaintiffs are typical of the claims of the members of the class, in that all class members received similar or identical unsolicited advertisements transmitted to their facsimile machines.

32.   Common questions of law and fact predominate over individual issues.  The common legal questions include the interpretation of the TCPA and regulations issued thereunder. Common factual questions include defendant's conduct in collecting telephone numbers of the class members' facsimile

machines, and then broadcasting identical or similar advertisements to the class members without their consent.

33.   The claims of the plaintiffs and class members are based on the federal TCPA, which applies identically to all class members.

34.   The named plaintiffs have arranged for adequate financial resources to assure that the interests of the class are and will be protected.

35.   The named plaintiffs have retained counsel experienced in class action and consumer litigation, and they have demonstrated their ability and willingness to assert and protect the interests of the class zealously.

36.   The named plaintiffs have no conflict of interest that would inhibit plaintiffs' ability to represent the class.

37.   A class action is fair and efficient, and superior to other methods to handle this controversy.

38.   To the knowledge of named plaintiffs and counsel, there are no other pending class actions against defendant for its practice of sending unsolicited facsimile advertisements.

WHEREFORE, plaintiffs request certification of this action as a class action, to recover damages on behalf of the plaintiff class members, against the defendants for the full amount of their actual, statutory, and consequential damages, attorney fees, interest and costs.

Respectfully submitted,
COHEN, PLACITELLA & ROTH, P.C.

BY: _____
STEWART L. COHEN, ESQUIRE
WILLIAM D. MARVIN, ESQUIRE
Attorneys for Plaintiffs


SIEGEL, BRILL, GREUPNER, DUFFY &
FOSTER, P.A.

BY: _____
JORDAN M. LEWIS, ESQUIRE
Attorneys for Plaintiff

**VERIFICATION**

Fod T. Vick hereby states that I am the authorized representative of the Plaintiff The Barney Roth Co., Inc., d/b/a Philadelphia Lighting Maintenance Co., in the within action, that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and the statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

7·18·05
_____
DATE

_____
The Barney Roth Co., Inc., by Fod T. Vick

## VERIFICATION

Steve Lipoff hereby states that I am the authorized representative of the Plaintiff Sharon McGuigan, Inc., d/b/a Wellington's Best Foods, in the within action, that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and the statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

7/18/05
DATE

Sharon McGuigan, Inc., By Steve Lipoff

# EXHIBIT A

From:   To: Joseph Rosen                                    Date: 3/18/2005 Time: 8:43:30 PM                                    Page 1 of 1

# Poly Rock, LLC Industrial Flooring Solutions

### Since 1990

Thank you for your interest in Poly Rock, LLC.  Our flooring solutions will make your concrete or tarrazzo floors shine like glass.  We provide the ultimate in warehouse, production, office, showrooms and heavily traveled floors.  We harden and diamond grind the concrete or tarrazzo to provide an easy to clean surface that needs no waxes or special solutions and WON'T wear like coated finishes.

* 10 Year Manufacturing Warranty
* Outlasts Coatings 4-5 Times
* Increase Abrasion Resistance up to 400 times
* Designed for Forklift and Skid Traffic!

### We Also Do

* Crack Repair and Joint Reconstruction
* Resurface Extremely Deteriorated Floors
* <u>High Performance Coatings</u>

| NO JOB TOO BIG! |
| FREE ESTIMATES! |
| NO OBLIGATION TEST PATCHES DONE! |

### Some of Our Customers Include

* Fed Ex   * Tommy Hilfiger  * Tiffany  * Frigidaire * Septa *  York *  VW of America * US Post Office *
Goya Foods * Pfizer * AFG Glass * BJ's * General Motors  * Pratt & Whitney Aircraft Div. *  Brystol Meyer *
Phoenix Color * Schering Plough * Home Depot * Gibson Metal Tube, Wegmans Foods and Many More

## For more info and pictures please visit www.polyrockllc.com
## or call 609-352-2368

If this Fax was sent to you in error we apologize! To be removed simply call above number or e-mail removemyfax@earthlink.net

EXHIBIT B

# Poly Rock, LLC Industrial Flooring Solutions

### Since 1990

Thank you for your interest in Poly Rock, LLC. Our flooring solutions will make your concrete or tarrazzo floors shine like glass. We provide the ultimate in warehouse, production, office, showrooms and heavily traveled floors. We harden and diamond grind the concrete or tarrazzo to provide an easy to clean surface that needs no waxes or special solutions and WON'T wear like coated finishes.

* 10 Year Manufacturing Warranty
* Outlasts Coatings 4-5 Times
* Increase Abrasion Resistance up to 400 times
* Designed for Forklift and Skid Traffic!

### We Also Do

* Crack Repair and Joint Reconstruction
* Resurface Extremely Deteriorated Floors
* High Performance Coatings

NO JOB TO BIG!

FREE ESTIMATES!

NO OBLIGATION TEST PATCHES DONE!

### Some of Our Customers Include

* Fed Ex   * Tommy Hilfiger  * Tiffany  * Frigidaire * Septa * York * VW of America * US Post Office *
Goya Foods * Pfizer * AFG Glass * BJ's * General Motors  * Pratt & Whitney Aircraft Div. *  Brystol Meyer *
Phoenix Color * Schering Plough * Home Depot * Gibson Metal Tube, Wegmans Foods and Many More

### For more info and pictures please visit www.polyrockllc.com

### or call 609-352-2368